1

2

3               UNITED STATES DISTRICT COURT

4               NORTHERN DISTRICT OF CALIFORNIA

5               OAKLAND DIVISION

6

7  HUMBERTO REMBAO,

8                         Petitioner,              No. C 09-5783 PJH (PR)

9       vs.                                        **ORDER GRANTING LEAVE
                                                   TO PROCEED IN FORMA**
10  B. CURRY, Warden,                              **PAUPERIS; ORDER TO
                                                   SHOW CAUSE**
11                         Respondents.
                                              /
12

13         Petitioner, a California prisoner currently incarcerated at the Correctional Training

14  Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28

15  U.S.C. § 2254.  He has paid the filing fee.

16         The petition attacks denial of parole, so venue is proper in this district, which is

17  where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

18                              **BACKGROUND**

19         In 1993 a San Diego County jury found petitioner guilty of first degree murder and

20  receiving stolen property.  He was sentenced to prison for twenty-five years to life.  This

21  petition is directed to a denial of parole on January 10, 2008.  He claims to have exhausted

22  these claims by way of state habeas petitions.

23                              **DISCUSSION**

24  **A.     Standard of Review**

25         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

26  custody pursuant to the judgment of a State court only on the ground that he is in custody

27  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

28  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

*United States District Court*
*For the Northern District of California*

**United States District Court**

For the Northern District of California

1   heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

2   application for a federal writ of habeas corpus filed by a prisoner who is in state custody

3   pursuant to a judgment of a state court must "specify all the grounds for relief which are

4   available to the petitioner ... and shall set forth in summary form the facts supporting each

5   of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

6   foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

7   that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes

8   (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which

9   appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*

10  *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

11  concurring).

12  **B.    Legal Claims**

13      As grounds for federal habeas relief, petitioner asserts that: (1) there was not "some

14  evidence" to support the denial; and (2) the repeated denial of parole after passage of so

15  much time since the offense and in light of his record of rehabilitation was a violation of his

16  due process rights.

17      Claim two is a "*Biggs* claim," so called because in *Biggs v. Terhune*, 334 F.3d 910

18  (9th Cir. 2003), the Ninth Circuit warned that repeated denials of parole based on the

19  unchanging characteristics of the prisoner's offense might violate due process.  *Id.* at 916-

20  17.  Any such possibility is, however, foreclosed by the recent en banc decision in *Hayward*

21  *v. Marshall*, 603 F.3d 546 (9th Cir. 2010).  *Id.* at 556 (overruling *Biggs v. Terhune*, 334 F.3d

22  910 (9th Cir. 2003); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006);

23  and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), "to the extent they might be read to imply

24  that there is a federal constitutional right regardless of whether state law entitles the

25  prisoner to release . . . .").

26      Claim two will be dismissed.  Claim one may proceed.  *See McQuillion v. Duncan*,

27  306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence"

28  support parole denial).

**United States District Court**
For the Northern District of California

**CONCLUSION**

1. Claim two is **DISMISSED**.  Claim one may proceed.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  August 23, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\REMBAO2632.OSC.wpd

3